```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION


THOMAS CHAPMAN                                         PLAINTIFF


VS.                            CIVIL ACTION NO. 4:07CV91TSL-LRA


HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                      DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Thomas Chapman to remand. Defendant Hartford Life and Accident Insurance Company has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

Plaintiff filed this action seeking to recover long-term disability benefits he claims were wrongly denied under a disability insurance policy issued by Hartford Life and Accident Company (Hartford) through plaintiff's employment with Coca-Coca Bottling Company (Coca-Cola). Hartford removed this case on the basis of federal question jurisdiction, contending the plan pursuant to which the policy was issued is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Plaintiff has moved to remand, arguing that the plan is not governed by ERISA. However, a review of the pertinent evidence establishes beyond reasonable dispute that the plan is an

ERISA plan such that plaintiff's claim for benefits is preempted by ERISA.

ERISA covers certain "employee benefit plans," including "an employee welfare benefit plan," which is defined as

any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . ."  29 U.S.C. § 1002(1).

The decision whether a particular plan or program qualifies as an "employee welfare benefit" plan under ERISA requires that the court determine whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA "employee benefit plan"--established or maintained by an employer or employee organization intending to benefit employees or members. Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993)).

To determine whether a plan exists, the court must examine whether a reasonable person could ascertain the intended benefits, beneficiaries, source of financing and procedures for receiving benefits.  Id.  In this case, there is no dispute that a plan does indeed exist, and that this plan was established or maintained by plaintiff's employer intending to benefit its employees.  That

2

leaves only whether the plan falls under the safe harbor regulations promulgated by the Department of Labor which excludes certain insurance and other benefit plans from ERISA's coverage.

The referenced Department of Labor "safe harbor" regulations provide that the term "employee welfare benefit plan":

> shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
> (2) Participation [in] the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. 2510.3-1(j). In order for a plan to be excluded from ERISA under this provision, all four criteria of the regulation must be met. McNeil v. Time Ins. Co., 205 F.3d 179, 190 (5th Cir. 2000.

In the case at bar, plaintiff has provided an affidavit in which he asserts that when the plan was first offered to him, he was told it was voluntary and that he chose to voluntarily enroll. However, Hartford has presented substantial evidence which demonstrates that enrollment in the plan was not voluntary but rather was automatic. Indeed, the plan itself provided that if

employees failed to select desired coverage, they would "automatically be enrolled in . . . (the) Long-Term Disability Plan for Weekly Paid Employees, and receive the following default coverages: [L]ong-term disability coverage for yourself only." Hartford has also presented substantial, uncontroverted proof that Coca-Cola both endorsed the plan and had an active and substantial role in administering the plan, so that the third requirement of the safe harbor regulation is not met.[1]  In view of this proof, the court concludes that the plan at issue is governed by ERISA. Plaintiff's putative state law claims to recover benefits under the plan are clearly preempted by ERISA, and therefore, his motion to remand will be denied.

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied.

SO ORDERED this 26th day of October, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff claims in his affidavit that he paid the entire premium through payroll deduction and that Coca-Cola paid no part of the premium.  Hartford points out in its response that according to the employee handbook, Coca-Cola shares the premiums for the long-term disability plan, and it notes that the first requirement of the safe harbor provision therefore likewise is not satisfied.  It does not rely on this as a basis for its motion, however, stating that since it is clear that at least the second and third requirements of the federal regulation cannot be met, it is irrelevant whether this requirement has been met.